Beam
*v.*
Barnum.

## Beam and another *against* Barnum.

Where *A* recovered a judgment against the partnership of *B & C*, for more than 700 dollars, after which the parties met in the state of *New-York,* where the debt was originally contracted, and made a compromise of such debt; whereupon *A* gave to *B* a writing, certifying that *A* had received 300 dollars from *B*, in consideration of which *A* released *B* from all claims against him individually, and also as one of the firm of *B & C ;* to an action afterwards brought in this state, by *A* against *B*, as surviving partner of *B & C*, to recover said judgment debt, *B* pleaded such release in bar; it was held, 1. that this being a *New-York* transaction, must be governed by the law of that state; 2. that under such law, the release pleaded was effectual to bar the action; 3. that though *B* was discharged from liability in every form, the estate of *C* remained liable.

In this state, a receipt in full, is, in the absence of fraud, mistake, accident or surprise, a good defence in bar.

*Qu.* whether, at common law, one member of a creditor firm, after the partnership is dissolved, can, in the partnership name, compound and discharge a debt due to the partnership, before its dissolution ?

THIS was an action of debt on judgment.   The judgment set forth in the declaration was one rendered by the county

court of *Fairfield* county, on the first *Tuesday* of *February*, 1839, in which the present plaintiffs, *viz.*, *John V. Beam* and *Levi Lyon*, surviving partners of the late firm of *Clark, Beam & Co.* recovered of *Phineas T. Barnum*, the present defendant, and *Horace Fairchild*, since deceased, partners, under the firm of *Barnum & Fairchild*, the sum of 779 dollars, 47 cents, debt, and 13 dollars, 43 cents, costs of suit. The present action was brought against *Barnum*, as surviving partner of the firm of *Barnum & Fairchild*.

The defendant pleaded in bar of the action, that after the recovery of said judgment, *viz.*, on the 7th day of *September*, 1842, the plaintiffs made and delivered to the defendant a certain writing or release in the following words: " *New-York, September* 7th, 1842. This is to certify, that we have received from *Phineas T. Barnum* three hundred dollars, in consideration of which, we hereby release him from all claims against him individually, and also as one of the firm of *Barnum & Fairchild*. This release is not to affect our claim against *Fairchild. Clark, Beam & Co.*, per *John V. Beam*." The defendant then averred, that in and by said release, and in consideration of said sum of 300 dollars therein mentioned, then paid to the plaintiffs, they released and discharged, intending so to do, the defendant from all demands of the plaintiffs against him individually, and also as one of the firm of *Barnum & Fairchild*, and particularly from the cause of action, demand, claim and debt in the plaintiffs' declaration mentioned.

To this plea the plaintiffs demurred.

The case was thereupon reserved for the advice of this court, on the question of law as to the effect of the discharge, as to the defendant, in extinguishing the debt or claim set up in the declaration. The general statute of *New-York*, in relation to the subject in controversy, was agreed to be admitted in evidence. It was also agreed, that at the time the writing in question was given, the firm of *Barnum & Fairchild* had been dissolved.

*Loomis* and *Warner*, for the plaintiff, contended, 1. That the writing was ineffectual, as a release at common law. *Averill* v. *Lyman*, 18 *Pick.* 352. *Rowley* v. *Stoddard*, 2 *Johns. R.* 209. 1 *Sw. Dig.* 302. First, a technical release

is an instrument *under seal;* but this is not under seal. *Shaw* v. *Pratt,* 22 *Pick.* 305, 8. *Seymour* v. *Minturn,* 17 *Johns. R.* 169. *Tucker* v. *Baldwin,* 13 *Conn. R.* 136. 142. Secondly, a release not under seal, and without consideration, is void. *Jackson* d. *Rosevelt* v. *Starkhouse,* 1 *Cowen,* 122. Thirdly, partial payment of a debt liquidated and due, is no consideration for an agreement to release the residue; and it is immaterial whether the agreement is by parol, or in writing. *Warren* v. *Skinner,* 20 *Conn. R.* 561. and cases cited. *White* v. *Jordan,* 27 *Maine,* (14 *Shep.*) 370. *Eve* v. *Mosely,* 2 *Strobh.* 203. *Fitch* v. *Sutton,* 5 *East,* 230. *Bailey* v. *Day,* 26 *Maine,* (13 *Shep.*) 88. *Andrus* v. *Andrus* & al. 1 *Root,* 72. *Rogers* v. *Hemsted* & al. *Kirby,* 44. *Smith* v. *Bartholomew,* 1 *Metc.* 278. *Walker* v. *McCulloch,* 4 *Greenl.* 421.

2. That the statute law of *New-York* is inapplicable to this case. In the first place, it is the law of a foreign jurisdiction, and can have no effect here, except by comity; and comity never requires our courts to permit injustice to be done to our citizens, unless they have assented thereto. *Hempstead* v. *Read,* 6 *Conn. R.* 480. 492. *Sto. Confl.* 8. 334. 348, 9. 350, 1, 5. *Baker* v. *Wheaton,* 5 *Mass. R.* 509. 511. *Watson* v. *Bourne,* 10 *Mass. R.* 337. 340. *Braynard* v *Marshall,* 8 *Pick.* 194. *Ogden* v. *Saunders,* 12 *Wheat.* 213. 358. *Brown* v. *Starkpole,* 9 *N. Hamp. R.* 478. *Norton* v. *Cook,* 9 *Conn. R.* 314. *Atwater* v. *Townsend,* 4 *Conn. R.* 48. *Agnew* v. *Platt,* 15 *Pick.* 417. Secondly, the plaintiffs have never assented to this release, or to this contract, and cannot be affected thereby; because they have no authority or power to act in the premises. 1 *Sw. Dig.* 350, 51. *Van Keuren* v. *Parmelee,* 2 *Comstock,* 325. *Karthous* v. *Ferrer,* 1 *Pet.* 228. *Averill* v. *Seymour,* 18 *Pick.* 350. 3 *Kent's Com.* 63. (last ed.) *Kilgour* v. *Finlyson,* & al. 1 *H. Bla.* 155. *Abel* & al. v. *Sutton,* 3 *Esp. Ca.* 108. *Lansing* v. *Gaine* & al. 2 *Johns. R.* 300. *Sanford* v. *Mickles* & al. 4 *Johns. R.* 224. *Hackley* v. *Patrick,* 3 *Johns. R.* 528. *Rathbone* v. *Drakeford,* 6 *Bing.* 375. (19 *E. C. L.* 105.)

3. That the suit is properly brought, and is in the only form in which it could be sustained. *Barnum* is the *survivor* of the late firm of *Barnum & Fairchild.*

*Dutton* and *Noble*, for the defendant, contended, 1. That a receipt, in *Connecticut*, is conclusive, unless there is fraud, mistake or surprise pertaining to it.  *Fuller* v. *Crittenden*, 9 *Conn. R.* 401.  *Tucker* & al. v. *Baldwin*, 13 *Conn. R.* 136.  In the latter case, the doctrine of *Fuller* v. *Crittenden* was affirmed, and all the prior *Connecticut* cases cited, at *p.* 143.  *Hurd* v. *Blackman*, 19 *Conn. R.* 177. is an additional authority to the same effect.

*Fairfield,*
June, 1851.

Beam
*v.*
Barnum.

2. That though, according to the decisions in *New-York*, and perhaps elsewhere, a receipt does not preclude the party from shewing the facts under which it was given; (*Putnam* v. *Lewis*, 8 *Johns. R.* 389.  *Tobey* v. *Barber*, 5 *Johns. R.* 68.) yet where it was given with full knowledge, and without fraud, imposition or misapprehension, it is a conclusive bar.  *Vedder* v. *Vedder*, 1 *Denio*, 256.  See also the remarks of Lord *Ellenborough* in *Alner* v. *George*, 1 *Campb.* 393. A receipt, under these circumstances, has the effect of a technical release.  In *Decker* v. *Livingston*, 15 *Johns. R.* 479. it was held, that a receipt for rent, accruing at a certain time, was *presumptive evidence* that all rent previously accruing, had been paid.

3. That the powers of a partner, after the dissolution, are ample for the execution of instruments of this character. *New-Haven County Bank* v. *Mitchell*, 15 *Conn. R.* 206. 222. *Murray* v. *Mumford*, 6 *Cowen*, 441.  2 *Conn. R.* 677.

4. That the writing in question is a *contract*.  The plaintiffs obligate themselves to consider the debt *as discharged*. *Stafford* v. *Bacon*, 1 *Hill*, 532.  The agreement that *Fairchild* should remain bound, is valid.  *Solly* v. *Forbes*, 2 *Brod. & Bing.* 38. (6 *E. C. L.* 11.)  *Waters* v. *Smith*, 2 *Barn. & Adol.* 886. (22 *E. C. L.* 205.)  *Field* v. *Robins*, 8 *Adol. & Ell.* 90. (35 *E. C. L.* 333.)

5. That the statute of *New-York* above referred to, authorises such compromise, and the writings for that purpose, after the dissolution of the partnership.

ELLSWORTH, J.  In the argument of this case, a wider range was taken, by counsel, than we think it necessary to follow, in order to decide the chief question in dispute.

That the debt is in the form of a judgment of a court of record, in this state, we deem unimportant, inasmuch as the

locality which attaches to it, for some purposes, can have nothing to do with the question, whether the debt is discharged, by a composition and release.   Nor is the question of the legal effect of a receipt in full, executed in this state, important.   Nor the peculiar phraseology of this receipt, as whether, if executed in *Connecticut*, it would be held, under our decisions, to be in truth a receipt in full.   We had, however, supposed, that the effect of a receipt in full, was settled, in the cases of *Fuller* v. *Crittenden*, *Tucker* v. *Baldwin*, and *Hurd* v. *Blackman*, in our reports.   In our courts, at least, a receipt in full is a good defence in bar, with perhaps some qualifications, as stated in the cases above-mentioned. These matters are here unimportant, because, the subject now in hand is a *New-York transaction*, exclusively, and must be governed by the law of that *s*tate.   There, the original debt was contracted, and continued ; there, the parties met and compromised, with special reference to that statute law of *New-York*, which alone can give to the settlement made the peculiar effect aimed at, by both parties.   So the question discussed by counsel, whether, at common law, one member of the creditor firm can, after the company is dissolved, in the company name, compound and discharge a debt due the company before its dissolution, is unimportant ; though of this too we should entertain no doubt, if the thing is done understandingly and honestly, inasmuch as the statute of *New-York*, in the first section, provides, "that *any one* or more of the individuals, who was or were embraced in such copartnership firm, may act alone in the compromise ; and such compromise or composition shall be a full and effectual discharge to the debtor or debtors making the same."

We have then only to enquire, if the composition made in *New-York* is effectual, according to the provisions of the *New-York* law.   The law is full and explicit in its terms; and it applies, beyond all question, to this very case.   The provisions of the law have been complied with, by both parties, fairly and fully ; and it was probably the best thing for the creditors that could be done at the time ; at least, the creditor himself so believed ; and he must be allowed to be the best judge in the matter.   The debtor, on paying the amount agreed to, received from Mr. *Beam*, as the law re-

quired, a note or *memorandum* in writing, exonerating him from all and every liability incurred by reason of such connexion with such partnership firm, which may be given in evidence, &c., in bar of such creditor's right of recovery against him or them.

We see no way of evading this settlement, consummated under and according to the provisions of the law of *New-York.* In the courts of that state, certainly this writing would be held to be a good bar to a recovery. And why not equally so in *Connecticut?* It is of the very essence of the composition, that *Barnum* is to be no longer liable for the debt.

It was said, on the trial, that *Fairchild*, the partner of *Barnum*, was not discharged from the debt, but *Barnum* alone, and that *Fairchild* being dead, and *Barnum* the survivor, his condition is altered, and he is now liable as survivor, and as survivor is sued; so that if *Barnum* could not be held liable for the debt himself, as a partner, he can be as the representative of *Fairchild*. But if he is discharged "from *all* and every individual liability, by reason of the connexion with such partnership firm," he is discharged from liability as survivor, (for this is but a part of the original liability,) and from every liability, without exception. If this is not so, and he can now be sued for the debt, because he happens to be the survivor, he has not been *effectually* discharged from the debt. The plaintiffs are not debarred from presenting the claim against the estate of *Fairchild*, now deceased; nor if *Fairchild's* estate is able to pay the debt, is the discharge of *Barnum* any obstruction to obtaining payment from the estate; and such would be the case, if *Fairchild* was living. *His* liability to pay the whole remains unaffected, by the composition with *Barnum*, as much so, as if that composition had never been made; and should *Fairchild's* estate pay the debt, then, if, on the settlement of the company's affairs, this payment should make *Barnum* indebted to *Fairchild's* estate, he must pay it, notwithstanding the composition with the plaintiff; the discharge from the plaintiff would be no answer to *Fairchild's* executor or administrator. It has no reference whatever to the liability of the partners, as between themselves. What would be the remedy to be pursued, in *New-York*, or here, whether at law

*Fairfield,*
June, 1851.

or in equity, and what the precise form of redress against the partner who is not discharged, or against his estate, we have not had occasion to examine. Doubtless, both here and there, such local remedies would be allowed as are adapted to the situation of the parties, always securing to the creditor whatever is left to him against the partner not discharged, and to the partner who has been discharged, the immunity to which he is entitled.

In this opinion the other Judges concurred.

Judgment for defendant.