In the matter of the petition of JOHN KERR and others, for the appointment of commissioners &c.

The state legislature, under the power of eminent domain, can take the franchises of a corporation, for public use, upon making due compensation.

Rail roads constructed and operated under the authority of the state legislature by corporations or joint stock companies, are to be deemed constructed and operated for public use or benefit; and the legislature may delegate to such corporations or joint stock companies the right or power of eminent domain.

If the legislature sees fit to give to individuals and their assigns the right to construct and operate a rail road, it is to be deemed constructed and operated for public use; and the legislature may delegate to such individuals, and their assigns, the right of eminent domain.

Under the same power of eminent domain, one or more of the franchises of a corporation may be taken, or they may be impaired, or their enjoyment interfered with to any extent, upon making due compensation.

The legislature had the power, by the act of April 17, 1860, for the construction of a rail road in Seventh avenue, and in certain other streets and avenues of the city of New York, to authorize the grantees named in it "to run upon, intersect, or use any portion of other rail road tracks" constructed in the streets in which they are permitted by the act to construct and operate their road, upon making due compensation therefor.

APPEALS from orders made at special term, appointing commissioners under the act of April 17, 1860, authorizing the construction of a rail road in Seventh avenue and in certain other streets and avenues in the city of New York. (*Laws of* 1860, *p.* 1042.)

*By the Court,* SUTHERLAND, J.   The petitioners are the grantees, or assignees of grantees, named in the act of April 17th, 1860, (*ch.* 513,) and by that act are authorized to construct and operate a rail road in certain streets in the city of New York.   There is a provision in the act, giving the grantees named in the act, or their assigns, if they "deem it necessary or proper, to run upon, intersect or use any portion of other rail road tracks" laid upon any of the streets in which their road is to be constructed and operated, the right to do so.   The act further provides, that in case the compensation therefor cannot be agreed upon, then the amount of such compensation shall be ascertained in the manner provided in the general rail road act of 1850, that is, by commissioners to be appointed by the court.

The petition in this matter was for the appointment of such commissioners; and there are two appeals; one from an order of the 20th of August, 1863, appointing three commissioners, and the other from an order of the 28th of September, 1863, appointing another commissioner in the place of Daniel H. Arnold, one of the commissioners appointed by the first order, who had declined to act.

There is no question as to the regularity of the proceeding below, or of either of the orders.   The only material

question, I think, presented by the appeals is, had the legislature the constitutional power to authorize the petitioners, in constructing and operating their road, "to run upon, intersect, or use any portion" of such other rail road tracks, if they should deem it proper or necessary to do so, upon making due compensation therefor?

It cannot be doubted that the state legislature, under the power of eminent domain, can take the franchises of a corporation for public use, upon making due compensation. (*West River Bridge* v. *Dix*, 6 *How.* 507. *Boston and Lowell Rail Road Co.* v. *Salem and Lowell R. R. Co.*, 2 *Gray*, 1. *Backus* v. *Lebanon*, 11 *N. H. Rep.* 19.)

The decisions will not permit us to doubt that property or franchises taken by rail road corporations or joint stock companies, under their charters, is to be deemed taken for public use. In other words, the decisions will not permit us to doubt that rail roads constructed and operated under the authority of the state legislature, by corporations or joint stock companies, are to be deemed constructed and operated for public use or benefit; and that the legislature may delegate to such corporations or joint stock companies the right or power of eminent domain. (*Bloodgood* v. *Mohawk and Hudson R. R. Co.*, 14 *Wend.* 54; *S. C. in error*, 18 *id.* 17, 18. *Beekman* v. *Saratoga and Schenectady R. R. Co.*, 3 *Paige*, 75. *Bradley* v. *New York and New Hampshire R. R. Co.*, 21 *Conn.* 204.)

I can find no reason why, if the legislature sees fit to give to individuals and their assigns the right to construct and operate a rail road, it is not to be deemed constructed and operated for public use; or why the legislature cannot delegate to individuals and their assigns the right of eminent domain, if it can be delegated to corporations or joint stock companies.

If all the franchises and property of a corporation, under the power of eminent domain, may be taken for public use, and thus the corporation in effect destroyed, upon making

due compensation, it would seem to follow that one or more of its franchises might be taken, or that they might be impaired, or their enjoyment interfered with to any extent, under the same power of eminent domain, upon making due compensation.

It would seem to follow, that the legislature had the power by the act of April 17, 1860, to authorize the grantees named in it, or their assignees, to "run upon, intersect, or use any portion of other rail road tracks" constructed in the streets in which they are authorized by the act to construct and operate their road upon making due compensation therefor.

These appeals do not present any question as to the right of the petitioners "to run upon, intersect, or use any portion" of such other road tracks, without making compensation.

The orders appealed from should be affirmed, with $10 costs.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Barnard* and *Sutherland,* Justices.]