The order appealed from should be affirmed, with $10 costs.

NEW YORK GENERAL TERM, November 7, 1865. *Ingraham, Leonard* and *George G. Barnard,* Justices.

---

## THE SIXTH AVENUE RAILROAD COMPANY *vs.* JOHN KERR and others.

Where a railroad is laid in a public street, under a permissive grant to the company to use a portion of the street for that purpose, the company does not acquire the same unqualified title and right of disposition to the land occupied, which individuals have in their lands.

The only exclusive power conferred by such grants is that of using railroad carriages, in the same manner as the grant of a stage line confers, for the time being, the grant of a monopoly of using such stages, for the transportation of passengers for hire, on that route.

After a railroad company has obtained permission from the common council of New York to lay a railroad through certain streets of the city, and such grant is subsequently confirmed by an act of the legislature, the legislature has the power to grant similar privileges to another company, and to authorize the latter to run upon, intersect or use any portion of the tracks already laid, on condition of making compensation or payment to the first grantees if the parties do not agree.

Such a grant is not a violation of any right of property. The grantees must be considered as holding the grants for the public use, in the public streets, which is all open to the public.

The right to grant a crossing of the road necessarily involves a right to pass over a larger portion of such road, when the legislature so directs.

 MOTION to dissolve an injunction. The facts sufficiently appear in the opinion of the court.

INGRAHAM, J.   The plaintiffs obtained from the common council permission to lay a railroad through certain streets in the city of New York, which grant was confirmed by the legislature in 1854.

The defendants, by virtue of an act of the legislature, passed April 17, 1860, (*Laws of* 1860, *p.* 1042,) obtained similar privileges.   By the third section of that act it was provided that if the grantees should "deem it necessary or proper to run upon, intersect or use any portion of other railroad tracks now laid upon any of the streets or avenues above named, they are authorized to run upon, intersect and use the same," and the same section provides for compensation or payment to be made therefor if the parties do not agree.

The plaintiffs obtained an injunction restraining the defendants from running upon, intersecting or using any portion of the railroad track of the plaintiffs in any of the streets of the city, or from connecting the new track with the track of the plaintiffs, or from removing any part of the track of the plaintiffs, or of the pavement or soil embraced within the track, and from obstructing, impeding or interrupting the said plaintiffs in the use of their railroad track, &c.

The defendants now move to have the injunction dissolved or modified.

There is nothing, in any of the proceedings by which the plaintiffs obtained the rights which they claim to enforce, granting them any exclusive privileges in the streets where they are allowed to use the same for a railroad, and it may well be doubted whether any such exclusive privilege could be granted so as to prevent ordinary travel over the streets.

An opinion has been expressed in the Court of Appeals favoring the right of the legislature in thus controlling these roads, in *The Albany and Northern Railroad Company* v. *Brownell,* (24 *N. Y. Rep.* §. 345,) where it was held that an act laying out a highway over a railroad without compensation was valid and was not a violation of the constitution. Denio, J. says: "Upon this my opinion is that the railroad

companies under the general act do not acquire the same unqualified title and right of disposition to the real estate taken for a road and paid for according to the act which individuals have in their lands." If this rule is correct as applicable to land which has been taken for a railroad and paid for by the company, with how much more force does it apply to a railroad laid in a public street under a mere permissive grant to use a portion of such street for such purpose.

The only exclusive power conferred by such grants is that of using railroad carriages in the same manner as the grant of a stage line confers for the time being the grant of a monopoly of using such stages, for the transportation of passengers for hire on that route. But that monopoly would only continue until some other persons were authorized by the legislature or other authority having the right to grant similar powers to others to use that mode of transporting passengers for hire.

It is not pretended, that any thing in these grants prevents ordinary carriages from driving over or on these rails, wherever they are laid in public streets. Such use of the rails by ordinary conveyances is not uncommon in our streets, and no claim is made to prohibit it. When the legislature authorize other persons than the plaintiffs to use the same mode of carrying passengers for hire through the same streets, I am at a loss to see upon what grounds such new grantees can be prohibited from using the same streets under their grant.

The courts have decided, that the owners of the lots, and the corporation of the city, as the owners of the fee in the streets, can not interfere, because it is a use of the streets for the public convenience and public use, and that the legislature had the power, without the consent of these parties, to make such grants, and to make the same without compensation. (*People* v. *Kerr*, 37 *Barb*. 357.)

I can not see, I admit, how the decision in this case is con-

Sixth Avenue Railroad Company *v.* Kerr.

sistent, in its full extent, with several late decisions of the Court of Appeals, but as it is the decision of the the general term of this district, and as it has been affirmed in the Court of Appeals, it is my duty to follow it, and leave to that court to reconcile the apparent coflict of decisions, when other cases shall come before them.

The views which I have briefly expressed are, I think, decisive of the main question on this motion, so far as the propriety of continuing the injunction is involved.

I do not understand the counsel for the plaintiffs as urging, on the argument of the motion, that the legislature had not the power to authorize new roads to intersect or cross the roads now established. If such a doctrine can be maintained, the decision would be a more effectual bar to any new legislation in granting new roads in the city than any other that has been devised. It is clear that they have such a power, and it is equally clear, that the present injunction can not be maintained in its full extent.

As to the right of the legislature to permit one road to use the rails of another road, upon proper conditions, my conclusion is, that such grant is not (under the decisions of the courts in regard to these roads in the public streets) a violation of any right of property. That the holders of such grants must be considered as holding them for the public use, in the public street, which is all open to the public, and that the right to grant a crossing of the road necessarily involves a right to pass over a larger portion of such road when the legislature so directs.

I do not deem it necessary to say any thing as to the right of compensation to the owner of the track so used, because the act provides the mode of settling such compensation, and therefore recognizes the right of the plaintiffs to be paid for the use of their track. To what extent, or upon what principles, is to be settled by the commissioners appointed for that purpose.

The suggestion made by the plaintiffs' counsel, that this

interference by the defendants with the plaintiffs' road would be an impediment to public travel, would be a very proper suggestion to the legislature, when making a new grant, but can have no influence in deciding the questions of law as to the power of that body to make the grant, or of the defendants to use it.

There is also another suggestion which should have weight on this motion. It is that the plaintiffs have an ample remedy by action, if the act of the legislature is illegal in the portions complained of. Every crossing of the road by the cars of the defendants would be a trespass, for which the plaintiffs could recover damages; and if the track is injured, a like compensation can be recovered by action. Under such circumstances, I think the courts should hesitate as to prohibiting parties from exercising powers granted by law, and that the injured party should be left to seek his redress by an action for damages.

The motion to dissolve the injunction is granted.

[NEW YORK SPECIAL TERM, November 19, 1864. *Ingraham*, Justice.]