THE BOSTON AND ALBANY RAILROAD COMPANY, Appellant, *v.* THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF GREENBUSH, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

The plaintiff, a railroad corporation, incorporated with reservation to the legislature of the right to alter, modify, or repeal its charter, laid its tracks upon lands in a corporate village, which it had purchased, and for which it had taken a deed in fee simple absolute from the owners. After this a map was made and filed in a partition suit between third parties of lands in the village, laying out, numbering and naming certain streets over the tracks.—*Held*, that an act of the legislature which declared that such streets should be recognized as the streets of the village, without provision for compensating the plaintiff, was not in conflict with the prohibition of the Constitution as to taking private property for public use without just compensation.

*Held*, further, that the "Act to regulate the construction of roads and streets across railroad tracks" (Laws 1853, chap. 62) was not opposed to the same provision in its application to this case.

THE plaintiff appeals from a judgment in favor of the defendant denying the plaintiff the relief sought. The judgment was entered under the direction of Mr. Justice HOGEBOOM, after a trial before him without a jury at the Albany Circuit, in November, 1870.

The action was brought for an injunction to restrain the defendant and its officers and agents from interfering with the property of the plaintiff, under the claim of right to open a street or highway in the village of Greenbush, claimed by the defendant to be a public street known as Herrick street. The judge found the facts and the law as follows:

"That the plaintiff at the time of the commencement of this action was a railroad corporation duly organized under the laws of the State of Massachusetts, and had been for

more than a year prior to the commencement of this action operating a railroad for public use, between the cities of Albany and Boston ; and that the said railroad passes through the corporate limits of the village of. Greenbush, and over that portion thereof known as Herrick street in said village.

" That in and by virtue of several acts of the legislatures of the States of New York and Massachusetts, and leases and contracts made in pursuance thereof, the plaintiff has succeeded to all the rights, privileges and franchises which the Albany and West Stockbridge Railroad Company and the Western Railroad Corporation had in the said railroad, so far as it passes through the corporate limits of the village of Greenbush.

" That since the year 1842 the said road of the plaintiff has been used and operated as a railroad between Albany and Boston for public use, and is now in constant operation as such.

" That the defendant was and is a municipal corporation, created by the laws of the State of New York anterior to the incorporation of the plaintiff as a railroad corporation, possessing general powers to lay out, make and repair streets, alleys, lanes and highways in and through said village of Greenbush ; and that by chapter 383 of the Laws of the State of New York, passed the 17th day of April, 1854, entitled " An act revising, amending and consolidating the several acts in relation to the village of Greenbush," the said village was empowered to direct the manner and grade, and direct and superintend the making and repairing, laying out, opening, cleaning, regulating and improving highways, streets, &c., in said village ; and that the streets, roads and alleys in said village, as laid out, numbered and named on a map thereof, made by R. Graves, bearing date the 16th day of September, 1843, and filed with the register in chancery in a certain suit for partition of certain lands in the said village of Greenbush, in which James L'Amoureux was complainant, and Henry Morris and others were defendants, together with such other streets, roads and alleys as were

thereupon laid out, opened or worked (and not since discontinued), should be and they were thereby recognized as the streets, roads and alleys of said village.

"And I further find that Herrick street in said village, as proposed to be worked, laid out and graded therein, by the defendants, over and across the said railroad track of the plaintiff, was laid out, numbered and named on the said map made by the said R. Graves, and was known as one of the public streets of said village, and the same was in part actually worked and graded by the defendants, with notice thereof to the plaintiff, their superintendent, agents and servants, at and before the commencement of this action; and that the defendant had and possessed the legal right to work, lay out and grade said Herrick street as laid out, numbered and named on the said map of R. Graves, and over and across the said railroad track of the plaintiff, and still has and possesses such legal right.

"As conclusion of law, from these facts, I hold and order that the injunction in this action, restraining the defendant, its superintendents, agents and servants, from interfering with the property known as Herrick street in said village of Greenbush, where the same crosses the said railroad track of the plaintiff, be and the same is hereby dissolved; and I further order that the complaint in this action be dismissed, and that the defendant have judgment against the plaintiff, with costs."

*J. H. Reynolds,* for the plaintiff.

*A. J. Parker,* for the defendants.

Present—MILLER, P. J., POTTER and PARKER, JJ.

POTTER, J. There is no conflict of facts in this case, though it is necessary to state certain facts, in order to make the proper application of the law arising thereon. The plaintiffs, it is conceded, are a corporation, and are the successors

of the Albany and West Stockbridge Railroad Company, and entitled to all the rights, property and estate of the last named corporation, which in 1841 acquired, by conveyances in fee, by purchase (and not by appraisal under the statute), the lands upon which their railroad tracks, seven in number, are laid, in the village of Greenbush, and over which the defendants were proceeding to lay out and work a public highway in said village called Herrick street; and from doing which, the defendants were restrained by injunction by the plaintiffs.

This really presents but one question to be decided, to wit, the constitutionality of two acts of the legislature; one the act of 1854, chapter 383, entitled "An act revising, amending and consolidating the several acts in relation to the village of Greenbush," which declared, among other things, that certain streets designated on a certain map (including Herrick street) to be streets, roads and alleys of said village; the other, being the act of 1853, chapter 62, entitled "An act to regulate the construction of roads and streets across railroad tracts." Under the first mentioned act it was claimed that the street in question became a street by virtue of its being so recognized in the statute, and not otherwise. It had never been surveyed, opened or graded over the plaintiffs' lands, or any official act done by the trustees of the village to that end, until March, 1870. No damages had ever been paid the plaintiff for taking the property for a street, or any assessment made in respect thereto. Under the second mentioned act, the right to take the property without making compensation to the railroad company was given, by virtue of the express language of the act to that effect. (Act of 1853, chap. 62, § 1.)

The plaintiffs claim that both these acts are infractions of the provision of the Constitution, that private property shall not be taken for public use without just compensation. The property in question was clearly private property; it was held in fee under purchase and conveyance by deed absolute, and the plaintiffs were such owners prior, in point of time, to the

passage of either of the two acts in question. And it had been held in the Court of Appeals, in the case of *Nicoll* v. *The N. Y. and Erie R. R. Co.* (12 N. Y., 121, 127, etc.), per PARKER, J., "that a railroad company had ample power to purchase lands. It was an incident at common law to all corporations, unless they are specially restrained by their charters, or by statute." And by an express provision of the Revised Statutes it is declared that every grant of real estate shall pass all the estate or interest of the grantor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the grant. (1 Rev. Stat., 748, § 1.) From this view it might well be argued that, the plaintiffs' grantors having parted with all their estate, the whole title remained in the plaintiffs; that they being competent to hold and convey the estate, it was their private property, and that it was protected by the Constitution from being taken for public purposes, even by an act of the legislature, without giving them a just compensation therefor.

But this question has received judicial construction by the Court of Appeals, whose opinions and adjudications are binding upon us, and it becomes us to follow this authority. The right to hold lands by railroad corporations in this State is not an unqualified right, but is *limited* by express provision of the statute; and its title is declared to be *for the uses of its incorporation*, and *to be held for the purposes of the grant.* The power conferred upon the plaintiffs to hold land was by legislative grant of power to them as a corporation; and the legislature, in the grant, reserved the right to alter, modify or repeal the charter; and by the fiftieth section of the act of 1850, chapter 140, page 235, all existing railroad companies in this State were declared to be formed subject to the provisions of that act, one of which was, in section 18, that all real estate acquired by any company for the purposes of its incorporation should be deemed to be acquired for public use.

Under this view of the qualified title of railroad corporations to such lands, and the reserved power of the legislature

to modify and alter their charters, it has been held that the statutes in question, and similar acts of the legislature, authorizing the construction of highways across railroad tracks without compensation, does not violate the constitutional provision against taking such private property for public use, or impair the obligation of contracts. (*The Albany Northern Railroad Co.* v. *Brownell*, 24 N. Y., 345 ; *Matter of Kerr*, 42 Barb., 119–121 ; *Sixth Avenue R. R. Co.* v. *Kerr*, 45 Barb., 138.) These authorities seem to be in point and must control our decision. The result is, the judgment must be affirmed, with costs.

Judgment affirmed.