## NEW ORLEANS CITY R. CO. *v.* CRESCENT CITY R. CO.

*(Circuit Court, E. D. Louisiana.   June, 1881.)*

1. NEW ORLEANS—STREETS—EXCLUSIVE RIGHTS TO STREET RAILWAYS.

   The city of New Orleans has no power under its charter and the laws of Louisiana to grant to a street railroad company the sole and exclusive right to the use of the public streets of the city for a street railroad.

2. SAME—ESTOPPEL BY FORMER CONTRACT.

   When the city of New Orleans has made a contract granting to a street railroad company certain franchises to run and maintain a railroad, and binds herself not to grant similar franchises over the same streets to any other company or person during the period of said contract, she is not thereby estopped from granting to others the privilege of running lines across any of the streets mentioned in the contract, nor for such short distances along such streets necessary to make connections and turn-outs for other lines running mainly along other streets and between entirely different *termini.*

In Equity.   Application to dissolve injunction.

*Carleton Hunt,* for complainant.

*John M. Bonner,* for defendant.

PARDEE, C. J.   The injunction in this case was obtained in the state court *ex parte,* on the petition, affidavits, and exhibits.   The removal of the cause to this court brings the injunction along.   On the motion to dissolve, the case stands substantially as though an interim order had been granted, and the question now is whether or not to grant the injunction.   In this light I consider the case.

1. The contract of the New Orleans City Railroad Company with the city of New Orleans, passed October 2, 1879, gives the said company no right to any privilege on Camp street between Felicity and Calliope streets.   No such privilege is included in the advertisement, ordinances, specifications, or contract.   The court can take no judicial notice of the necessary lines and connections of a street railroad running under contract rights obtained from a municipal corporation. The court must be controlled by the evidence, and the parties must stand on their contract.

2. The city of New Orleans had no power under its charter and the laws of Louisiana to grant the New Orleans City Railroad Company the exclusive and sole right to the use of public streets of the city for a street railroad.

3. Where, in a contract granting by the city of New Orleans to a street railroad company a franchise to run and maintain a street railroad, there is this provision: " The city of New Orleans binds

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

herself not to grant, during the period for which said franchises are sold, a right of way to any other railroad company upon the streets through which said right of way is hereby sold, unless by mutual agreement between the city and the purchaser or purchasers of these franchises;"—the city is not thereby estopped from granting to other railroad companies the privilege of running lines across any of the streets mentioned in the contract, nor for such short distances along such streets where it may be deemed necessary to make connections and turn-outs for other lines running mainly along other streets and between entirely different *termini.*

4. It seems to me that the extreme effect that can be given to the provision just recited would be to hold that the grantee would be entitled to recover from the city any damages resulting to the grantee from concessions of right of way to other railroad companies upon the streets enumerated.

The authorities cited in defendant's brief cover all these points.* *Brown* v. *Duplessis,* 14 La. Ann. 842, relied upon by petitioner, does not conflict.

Let the injunction in this case be dissolved as improvidently issued.

See same case, 5 FED. REP. 160.

---

* *Brown* v. *Duplessis,* 14 La. Ann. 842; *Logan* v. *Pine,* 43 Iowa, 524; Red. Railw. pp. 313, 317, 318, §§ 8, 10, 12; *Smith* v. *St. R. Co.* 29 Ohio St 275, 305, 306, 308; 45 Barb. 138; 50 Barb. 296, 309.

