THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. THE BOARD OF COMMISSIONERS OF CHAUTAUQUA COUNTY.

HIGHWAY, *Crossing Railroad Track—Damages.* A railroad company is entitled to damages for the location of a public highway over its right-of-way. The cases of *K. C. Rld. Co. v. Comm'rs of Jackson Co.*, 45 Kas. 716, and *Comm'rs of Greenwood Co. v. K. C. E. & S. K. Rly. Co.*, 46 id. 104, cited and followed.

*Error from Chautauqua District Court.*

PROCEEDINGS to locate a highway over the right-of-way of the *Chicago, Kansas & Western Railroad Company.* The company took an appeal from an award of the county commissioners. The appeal was dismissed, and it brings error.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

The district court dismissed the appeal, upon the ground that under the laws of this state the railroad company was

not entitled to compensation for the laying out of a public highway over its right-of-way. This ruling was clearly erroneous. *Comm'rs of Greenwood Co. v. K. C. E. & S. K. Rly. Co.*, 46 Kas. 140. The railroad company was therefore entitled to have the question of the amount of its damages tried in the district court and submitted to a jury. It was deprived of this right by the dismissal of the appeal. The judgment of dismissal should therefore be set aside, and the railroad company should be given a trial of its action.

No appearance for defendant in error.

Opinion by GREEN, C.: An application was made for the location of a highway over the right-of-way of the Chicago, Kansas & Western railroad, in Chautauqua county. The railroad company claimed $300 damages. The viewers awarded $100, and the board of county commissioners affirmed the award. The railroad company took an appeal to the district court. The county attorney filed a motion to dismiss the appeal, for the reason that the railroad company was not entitled to compensation for the laying out of a highway over its right-of-way. This motion was sustained, and the district court dismissed the appeal. The railroad company brings the case here for review.

It has been held by this court that a railroad company may recover damages in a case like the present for all expenditures it is required to make by reason of the location of a highway across its right-of-way. (*K. C. Rld. Co. v. Comm'rs of Jackson Co.*, 45 Kas. 716; *Comm'rs of Greenwood Co. v. K. C. E. & S. K. Rly. Co.*, 46 id. 104.) Upon the authority of these cases, the railroad company had the right to have the question of the amount of damages submitted to a jury. It is recommended that the judgment of the district court be reversed, and that the cause be remanded for trial.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J.: I was unable to concur in the opinions and judgments of the court in *Railroad Co. v. Comm'rs of Jackson Co.*, 45 Kas. 716, and *Comm'rs of Greenwood Co. v. Railway Co.*, 46 id. 104, and am still of opinion that a railroad company is not entitled to compensation from the public, where a highway is laid out across a railroad already built. In a very recent case, the supreme court of Illinois has held that a railroad company is bound to maintain a crossing, where a highway is laid out across its track, without compensation from the public. It was determined in substance that as the company obtains its franchise from the public, it takes it and its right-of-way subject to the right of the public to extend the public highways and streets across such right-of-way whenever the exigencies of the public require it. It is decided that the requirement to construct and maintain highway crossings and approaches thereto over the track and right-of-way is nothing more than a police regulation, which is clearly within the reserved and revisory power of the legislature. Upon the question of damages, it is said that "uncompensated obedience to a regulation enacted for the public safety under the police power of the state is not a taking or damaging, without just compensation, of private property, or of private property affected with a public interest." (*C. & N. W. Rly. Co. v. City of Chicago*, 29 N. E. Rep. [Ill.] 1109; 50 Am. & Eng. Rld. Cases, 150. See, also, *Railroad Co. v. Brownell*, 24 N. Y. 345; *Railroad Co. v. Village of Greenbush*, 5 Lans. 461; *Railway Co. v. Sharp*, 38 Ohio St. 150; *Railroad Co. v. Cincinnati, etc.*, 30 id. 604; *Railroad Co. v. Deering*, 78 Me. 61; *Railroad Co. v. County Commissioners*, 78 id. 386; *Thorpe v. Railroad Co.*, 27 Vt. 140; *Railway Co. v. Railway Co.*, 105 Ill. 110; Pierce on Railroads, 457.)

I think the judgment in the present case should be affirmed.