(55 Misc. Rep. 606.)

### VILLAGE OF PHŒNIX v. GANNON et al.

(Supreme Court, Trial Term, Oswego County. August, 1907.)

MUNICIPAL CORPORATIONS—FRANCHISES TO INDIVIDUALS—VALIDITY.

Where a municipality granted a franchise to an individual for the construction of a street surface railway by a corporation to be thereafter organized, such franchise is not void in the hands of the individual before it is turned over to the corporation, though the operation of street surface railroads is by statute confined to corporations.

Action by the village of Phœnix against William P. Gannon and others. Judgment for defendants.

The action was brought to recover upon a bond for $1,000, executed by the defendants Gannon and Connette as principals and the United States Fidelity & Guaranty Company of Baltimore, Md., as surety, to the village of Phœnix, plaintiff, conditioned, among other things, that a street surface railway through and along certain streets in the village of Phœnix, the franchise for which had been granted by the trustees of the village December 27, 1902, to one Adolph G. Manz, and assigned by him to Gannon and Connette, should

be completed and in operation on or before January, 1905, in accordance with the conditions of the franchise, upon the ground that the time had expired and nothing whatever had been done under the franchise or toward the construction of the railroad. The franchise recited that Manz made the application for it "for himself and his assigns, a street surface railroad corporation hereafter to be organized." The franchise was granted to Manz, "his assigns and successors (hereafter referred to as the company)." The defendants defended upon the ground that the franchise was void, because granted to individuals, and not to a railroad corporation, as required by law, and hence they were not liable upon the bond.

O. M. Reilly, for plaintiff.
Gannon, Spencer & Michell, for defendants.

DE ANGELIS, J. The plaintiff cites Nellis on Street Surface Railroads, § 2, as authority for the proposition that, in the absence of constitutional prohibition, the Legislature may give to individuals and their assigns the right to construct and operate a street surface railroad. This author cites Matter of Kerr, 42 Barb. 119, People v. Kerr, 25 How. Prac. 258, and New York & Harlem R. R. Co. v. Forty-Second St. R. R. Co., 50 Barb. 309, as supporting the proposition. I think the present statute law on the subject may fairly be said to confine the operation of a street surface railroad to a corporation organized under the provisions of the general railroad law, and hence there is no authority for the operation of such a railroad by individuals. The present Constitution contains no provision against the operation of a street surface railroad by individuals. The Legislature, however, only has authority to grant such a right; and the Legislature has not exercised that authority. The Constitution has, however, placed certain restrictions upon the Legislature, by providing that no law shall authorize the construction or operation of a street railroad except upon the condition that the consent of the owners of one-half in value of the property bounded on, and the consent also of the local authorities having the control of, that portion of a street or highway upon which it is proposed to construct or operate such railroad, be first obtained; and in the event of inability to obtain the consent of the owners of the property an application can be made to the Appellate Division of the Supreme Court, etc. Const. N. Y. art. 3, § 18. Provided such consents are obtained, there is nothing in the Constitution prohibiting their being given to individuals.

The Court of Appeals has indicated that the consents of property owners, given under the statute, for the construction and operation of a street railroad, to individuals and their assigns, are not void. Geneva & Waterloo R. Co. v. N. Y. C. & H. R. R. R. Co., 163 N. Y. 228, 234, 57 N. E. 498. Although individuals may not exercise the franchises which the state confers upon railroad corporations, the Court of Appeals has held that individuals may bid in the property of a railroad company, including its franchises, at a foreclosure sale, and hold and transmit it intact to a corporation authorized to exercise the franchises. Parker v. Elmira, C. & N. R. R. Co., 165 N. Y. 274, 281, 59 N. E. 81. The consent in this case seems to have been given in good faith. The consent by its form contemplated a street railroad for the public convenience to be operated by a proper corporation. Adopting the reason-

ing of the court in the last two cases cited, this consent would be good in the hands of a corporation to be organized, and ought not to be held void in the course of its transmission to such corporation. If the consent is not void, there is no claim that the bond is void.

I think it is competent for the parties to agree beforehand upon a certain sum as liquidated damages, and I do not think that this is a case for interference by the court in that regard.