## NILES AND OTHERS *vs.* WILLIAMS.

It is a general, if not a universal rule, and one which has been adopted in several cases, in this state, that, on a bill in equity, an objection to the jurisdiction of the court, can not be taken at the hearing.

Where, however, it appears that chancery has not, under any circumstances, jurisdiction of the subject of the bill, a court of equity, in this state, would probably abstain from exercising jurisdiction, on that objection being made at any stage of the case.

Where a court of equity has, concurrently with a court of law, a general jurisdiction of the subject matter of a bill, and may hold jurisdiction over it, under particular circumstances, or, where the power of a court of equity may be necessary in order to furnish perfect relief, the objection of a want of jurisdiction should be taken at an earlier stage of the case than at the hearing, and if it is not, the defendant should be held to admit that the case is of such a character, that the court may properly take cognizance of it.

The jurisdiction of courts of equity extends to the settlement of partnership accounts, however small may be the number of partners, where a court of law can not make a complete and final adjustment of the partnership concerns, by reason of its inability to furnish the peculiar relief, necessary for that purpose.

If there be an exception to such general jurisdiction, where there are only two partners, and a bill in equity for the settlement of a partnership account is brought by three plaintiffs, which is susceptible of the meaning, that they were jointly and not severally interested in the partnership business, and is also consistent with the fact, that the interests of the plaintiffs were several and not joint, and the answer of the defendants raises no objection to the jurisdiction, placing the defence on other grounds, the defendant will be held to admit that the interests of the plaintiffs are several, or that, if their interests are joint, a final settlement of the partnership concerns could not be made in an action of account.

THIS was a bill in chancery, brought to the superior court for the county of Middlesex, at the February term, 1853, by Dan D. Niles, Alexander N. Niles, and Julius J. Niles, and was substantially as follows.

On the 13th day of April, 1846, Alfred Williams and the plaintiffs, entered into a copartnership for the manufacture of bells, of various descriptions, and other articles, and which said copartnership continued until the 13th day of December, 1848, when it was dissolved by mutual consent. It was agreed that the plaintiffs should defray one

half of the expenses of prosecuting and carrying on said co-partnership business, and share one half of the profits ; and that said Williams should defray the other half of the expenses of carrying on said copartnership business, and share the remaining half of the profits. During the continuance of said copartnership, the plaintiffs and said Williams manufactured bells and other articles, to the amount of fifteen thousand dollars, and made large profits in their said business of manufacturing. In the prosecution of the business of said copartnership, the plaintiffs paid their full share of the expenses, according to the terms of the contract and the understanding of said parties.

No settlement of the copartnership accounts was ever made between said Williams and the plaintiffs, and since said dissolution, they repeatedly applied to said Williams to come to a final settlement of the same; but he always neglected and refused so to do. Said Williams possessed himself of the copartnership books and accounts, and refused to permit the plaintiffs to inspect the same, or to render to the plaintiffs any account of the partnership moneys received by him. Upon a just and true settlement of the accounts, it would appear that a large balance is due from said Williams, to the plaintiffs, in respect to the said copartnership dealings; that said Williams has collected large sums due said copartnership, and applied them to his own use and benefit.

The plaintiffs thereupon prayed the court to enquire into the truth of the allegations set forth, and to order and decree that an account may be taken of all, and every, of the said copartnership dealings and transactions, until the time of the expiration thereof, and that said Williams be directed to pay to the plaintiffs, such sum as shall appear upon such account to be due the petitioners ; the plaintiffs being ready and willing to pay to said Williams whatever sum, if any, may appear to be due to him from said joint concern.

The answer of the defendant merely traversed the fact that he was a copartner with the plaintiffs, as alleged in their bill.

Upon the hearing, the superior court found the allegations in said bill, so far as the same were denied by the answer of the defendant, not true, and reserved for the advice of this court, the question of the sufficiency of the bill, and what decree, or order, said superior court should render therein.

*Spencer* and *Tyler*, for the plaintiffs.

I. The number of partners exceeding two, there is no remedy at law. *Beach* v. *Hotchkiss*, 2 Conn. R., 425.

The claim of the defendant, that, although there are four partners, there are but two parties in interest, and therefore an action of account is the proper remedy, is fallacious, because this is not a partnership between the plaintiffs as one party and Williams as the other, but between each of the plaintiffs and the defendant, as four distinct parties. It is true that the rule of contribution, and distribution, is such that the plaintiffs are to pay, or receive, one half, but this qualifies neither their individual rights nor powers as partners. Each of the plaintiffs may pay out or receive money, buy or sell goods, or sign notes, as well as the defendant, and each may have a separate account with the firm, all which accounts must be investigated, before there can be a settlement.

The rule as to jurisdiction of the partnership accounts between these parties, certainly ought not to depend upon the order in which they happen to stand as plaintiffs or defendants. *Russell* v. *Green*, 10 Conn. R.; 269.

II. But, even if the court should be of opinion that there are only two parties in interest, yet a court of equity has jurisdiction, the subject-matter being the settlement of partnership accounts. Matters of account and partnership constitute two prominent heads of equitable jurisdiction. 1 St. Eq. Jur., 424. Collyer on Part., 261, note. Stat., 468.

There can be no doubt that, independently of our statute, the settlement of the accounts, even of two partners, would be a matter cognizable by a court of equity. *Fowle* v. *Laurason,* 5 Pet., 494. And see 4 Conn. R., 540. *Wilson* v. *Mallett,* 4 Sand. Sup. Ct., 112.

By the terms of our statute, (Rev. Stat., p. 468–9,) it can not be supposed that the legislature intended to cut off, or restrict, any familiar and acknowledged head of equity jurisdiction, or to make our equity system less comprehensive than that of England, or other states.

The restriction applies to matters, not to cases, in which adequate relief can not be had at law; and the question of jurisdiction turns upon the adequacy of the legal remedy in general, as it respects the subject matter, rather than the particular case.

In *Phalen* v. *Clark,* 19 Conn. R., 421, the element of fraud was held to give jurisdiction to the court of equity, notwithstanding the adequacy of the legal remedy in that particular case. So, too, the general jurisdiction of courts of equity over partnership accounts, draws to it particular cases, though there might, perhaps, be a remedy at law in those cases. And this must have been the view of the court in the case of *Gillett* v. *Hall,* 13 Conn. R., 433.

III. The objection to the jurisdiction comes too late. *Leroy* v. *Platt,* 4 Paige C. R., 81. *Hawley* v. *Cramer,* 4 Cow., 726. *Livingston* v. *Livingston,* 4 John. C. R., 290. *Underhill* v. *Van Cortland,* 2 John. C. R., 369. U. S. Eq. Dig., 147. *New London Bank* v. *Lee,* 11 Conn. R., 112. *Brainerd* v. *Brainerd,* 15 Conn. R., 586. *Chipman* v. *City of Hartford,* 21 Conn. R., 499. *Clark* v. *Flint,* 22 Pick., 237.

*Bulkeley* and *W. D. Shipman,* for the defendant.

1. The supreme court, as a court of equity, has no jurisdiction of the present suit, for, in this state, when a bill in equity is brought for the settlement of partnership accounts, it must

show, either, 1. That there are more than two parties to the bill; or, 2. That there are such other facts in the case, constituting the ground of relief prayed for, as call for the interposition of the powers of a court of chancery. *Beach* v. *Hotchkiss,* 2 Conn. R., 425. *Russell* v. *Green,* 10 Conn. R., 269. *Gillet* v. *Hall,* 13 Conn. R., 426. This is the law in Vermont. *Allen* v. *Fairbanks,* 10 Verm. R., 314. *Spear et al.* v. *Newell,* 13 Verm. R., 288.

2. In this case, there are but two parties, as will appear from the bill. *Gillet* v. *Hall,* 13 Conn. R., 426. *Spear et al.* v. *Newell,* 13 Verm. R., 288.

3. There are no allegations in this bill, which show such a case as calls for the interposition of a court of equity. Their prayer is merely for an account.

4. In all cases, where a settlement of accounts, merely, is called for between only two parties, the action of account is an appropriate and adequate remedy. *Mumford* v. *Avery,* Kirby, 163. *Spalding* v. *Dunlap,* 1 Root, 319. *Dickinson, adm'r,* v. *Whittlesey,* 2 Root, 121. *Griggs,* v. *Dodge,* 2 Day, 28. *Holly* v. *Lockwood,* 1 Conn. R., 180. *Oviatt* v. *Sage,* 7 Conn. R., 95. *Stannard* v. *Whittlesey,* 9 Conn. R., 556. *Lacon* v. *Davenport,* 16 Conn. R., 331.

5. Where there is adequate remedy at law, a court of equity will not interfere. *Coe* v. *Turner,* 5 Conn. R., 86. *Gager* v. *Watson,* 11 Conn. R., 168. *Dutton* v. *Connecticut Bank,* 13 Conn. R., 493. *Norwich and Worcester Railroad* v. *Storey,* 17 Conn. R., 364.

STORRS, J. The answer of the defendant, in this case, merely traverses the fact that he was a copartner with the plaintiffs, as alleged in the bill. The superior court, on the trial of that, which was the only issue on the pleadings, after taking in the testimony on that question, found the allegation thus denied, to be true, suspended the hearing, and referred to us, for our advice, the question of the sufficiency of the bill, raised by the defendant, with a view of determining whether it is proper for that court to proceed with the further

hearing of the case, and to take the account between the parties. Its sufficiency is denied by the defendant, on the ground that that court has no jurisdiction of the case. This objection to the jurisdiction is taken on the hearing, and in our opinion comes too late, at this stage of the case.

The decisions elsewhere, which have been cited on this question, are uniform, and establish the rule as a general, if not a universal one, that on a bill in equity, an objection to the jurisdiction of the court can not be taken at the hearing. We have, in several cases, adopted the same principle, but it was not necessary, in any of them, to determine whether we should do so in a case, where it appeared that a court of equity had not, under any circumstances, jurisdiction of the subject; and in such a case, a court of equity here would probably feel bound to abstain from taking or exercising jurisdiction, on an objection made at any stage of the case, on the ground of a want of jurisdiction. *Russel* v. *Green*, 10 Conn. R., 276.

But however that might be, we are of opinion that, in a case where a court of equity has a general jurisdiction, concurrently with a court of law, of the subject matter of the bill, and may hold jurisdiction of it under particular circumstances, or where the power of a court of equity may be necessary, in order to furnish perfect relief, the objection of a want of jurisdiction should be taken in an earlier stage of the case than at the hearing, and that, if it is not, the defendant should be held to admit that the case is of such a character that that court may properly take cognizance of it. The present case comes within this principle. The ordinary general jurisdiction of courts of equity, extends to the settlement of partnership accounts, which is the object of the present bill; and there is no doubt that they have jurisdiction over this subject, however small may be the number of the partners, where a court of law, in an action of account, can not make a complete and final adjustment, and settlement, of the partnership concerns, by reason of its inability to furnish the

Niles and others *v.* Williams.

peculiar relief, necessary for that purpose. If there be an exception to such general jurisdiction, when there are only two partners, (a point on which we express no opinion,) it does not follow that, if the present bill would be insufficient to give jurisdiction to the court, on the ground that it presents a case within that exception, it would be held to be so on that ground, after an answer passing by that objection, and placing the defence on other grounds, impliedly admitting jurisdiction. As averments are construed most strongly against the pleader, it might, on a demurrer to this bill, be held that the construction of it should be, that there were virtually but two parties to it, the three plaintiffs jointly on the one part, and the defendant on the other, since the allegation respecting the interests of the parties is susceptible of the meaning, that the plaintiffs were jointly, and not severally, interested in the partnership business; but that allegation is also consistent with the fact that the interests of the plaintiffs were several, and not joint, in which case a court of equity would clearly have jurisdiction; and as the plea or answer raised no objection to the bill in this respect, it might fairly, and we think that it should, be held to admit that the interests of the plaintiffs were several, or that, if their interest was joint, the case was one in which a perfect and final settlement of the partnership concerns could not be made in an action of account, in either of which cases, the court to which the bill is brought has jurisdiction.

This view of the case renders it unnecessary to examine the other questions made on the argument. We think that the bill should not be dismissed, but that the superior court should proceed, by itself or a committee, to take the partnership account between the parties, and it is so advised.

In this opinion, the other judges, WAITE and HINMAN, concurred.

Decree accordingly.