Gates *v.* Steele.

————— •◦‣► —————

### CLARENCE E. GATES *vs.* THOMAS S. STEELE AND ANOTHER.

Hartford Dist, Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and THAYER, Js.

*A*, one of the defendants, placed in the hands of *B*, the other defendant, an attorney, a small claim against *C*, on which *B* brought a suit before a justice of the peace. After the writ was served *C* called on *A* and paid him a less sum than the full amount of the claim, which *A* agreed to accept in full of the debt and costs, and gave him a receipt in full therefor. On the return day of the writ *C* did not appear and *B* took a judgment by default for the whole amount of the claim. In a suit brought by *C* for an injunction against the enforcement of the judgment, alleging the above facts, and charging fraud in the matter, it was held—

1. That the receipt in full was a complete defense to the action.
2. That *C* was not to be regarded as guilty of laches in not appearing before the justice and pleading it.
3. That the allegations of the complaint were sufficient.

A mere allegation of fraud, without stating the facts upon which the fraud is predicated, is insufficient.

[Argued January 16th—decided February 17th, 1890.]

SUIT for an injunction against the collection of a judgment; brought to the District Court of Waterbury, and heard, upon a demurrer to the complaint, before *Cowell, J*

Demurrer overruled, and judgment rendered for the plaintiff, and appeal to this court by the defendants. The case is fully stated in the opinion.

*E. S. Wescott*, for the appellants.

*W. H. Pierce*, for the appellee.

THAYER, J. The defendants appeal from a judgment of the District Court of Waterbury granting a perpetual injunction to restrain them from making use of a judgment which they have obtained against the plaintiff. The questions raised by the appeal are presented by the defendants' demurrer to the complaint.

The plaintiff, who resides in Waterbury, was sued upon a small claim by writ in favor of the defendant Steele, returnable before a justice of the peace in Hartford. Before the return day of the writ the plaintiff paid Steele $20, in full for all claims and indebtedness and in full settlement of the action, and took from him a receipt in full. Upon the return day Wescott, the other defendant in the present suit, who as Steele's attorney had brought the suit and had charge of it, took judgment by default against the plaintiff for the full amount of the original claim with costs. These facts are substantially alleged in the complaint, and it is averred that the judgment was fraudulently obtained with the design to oppress and extort money from the plaintiff.

The causes of demurrer, briefly stated, are that the plaintiff did not appear and plead his receipt in full in bar of the action before the justice, that the alleged payment was not a complete defence to that action, and that the facts which constitute the fraud relied upon are not sufficiently set forth in the complaint.

The plaintiff, after the payment to Steele, had a perfect defence to the action which had been brought against him. The voluntary acceptance of the money by Steele, in full settlement, operated to discharge both the debt and the costs.

*Canfield* v. *Eleventh School District*, 19 Conn., 529; *Ayer* v. *Ashmead*, 31 id., 447; *Buell* v. *Flower*, 39 id., 462. The receipt in full could have been pleaded in bar to the further maintenance of the suit. *Beam* v. *Barnum*, 21 Conn., 200; *Aborn* v. *Rathbone*, 54 id., 444. But the plaintiff's failure to appear and plead the receipt, under the circumstances, was not laches. He was not bound to go to Hartford to answer to an action which he had fully settled. He was justified in believing that the defendants would take no unfair advantage of his absence. They knew the reason for that absence. Their conduct in taking judgment in a suit which they had settled amounts to a fraud upon the plaintiff. *Chambers* v. *Robbins*, 28 Conn., 552.

That the specific acts of fraud relied upon should be stated in the complaint is true. A mere allegation of fraud, without stating the facts upon which the fraud is predicated, is insufficient. But the facts alleged in this complaint show that the defendants have obtained an unrighteous judgment against the plaintiff which it is against conscience to enforce. They show the means by which that judgment was obtained. And they show that it was fraudulently obtained, with the intent to use it to oppress and extort money from the plaintiff. The conduct of the attorney in the matter, so long as it is not repudiated by Steele, must be taken as equally his conduct. Upon demurrer the matters thus alleged must be taken to be true. They are sufficient to entitle the plaintiff to the relief demanded in the complaint and granted by the court below.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.