THOMAS R. MARUCA v. CHARLES A. PHILLIPS

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 6—decided June 24, 1952

*Irwin I. Krug,* for the appellant (defendant).

*Robert F. Kahan,* with whom, on the brief, was *Robert J. Pigeon,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought suit against the defendant for the dissolution of their partnership, an accounting, the appointment of a receiver, and damages. The first count of the complaint alleges breach of the partnership agreement. The second count alleges that the defendant made false representations to induce the plaintiff to enter into the partnership so that he could obtain the plaintiff's money and that the plaintiff relied upon them to his damage. It further alleges misappropriation of the partnership funds. The case was referred to a state referee, who found that the plaintiff, in full performance of his promises under the contract, had delivered to the defendant $7000 in cash or its equivalent,

a deed to real estate valued, by agreement, at $3000, and a note for $10,000. He also found that the defendant had falsely represented the value of his interest in the partnership and that he had used partnership property and money to meet his own personal obligations. It was agreed that the plaintiff was indebted to the partnership in the amount of $789.75. The court accepted the report of the referee and rendered judgment dissolving the partnership, canceling the deed and the $10,000 note, and awarding $6210.25 damages to the plaintiff. The defendant has appealed.

The defendant's claims of error raise two issues. The first is that the plaintiff is not entitled to restitution on the ground of fraud because the specific acts of fraud relied upon are not pleaded. Where a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint. *Gates* v. *Steele,* 58 Conn. 316, 318, 20 A. 474; *Bradley* v. *Reynolds,* 61 Conn. 271, 279, 23 A. 928; *Robert* v. *Finberg,* 85 Conn. 557, 561, 84 A. 366. The allegations of the complaint met this test. In addition to general assertions of fraudulent representations, the complaint stated that they were made to allow the defendant to get the plaintiff's money without in fact setting up the partnership as a going business and that the defendant misappropriated the partnership's funds. The latter is fraud as a matter of law. *Filley* v. *Phelps,* 18 Conn. 294, 300. As amended, the complaint further alleged that the defendant concealed and failed to disclose certain material facts when there was a duty to disclose and that this was a factor inducing the plaintiff to enter into the partnership agreement. The first claim of error is without merit.

The defendant's second claim is that the plaintiff is not entitled to restitution because he has not elected to seek such relief but has affirmed the contract by asking enforcement of his rights under it, and, further, that he has failed to return the consideration he received in order to put the defendant in statu quo ante. Neither claim appears in the written claims of law attached to the report of the referee and nothing in the memorandum of decision in the Superior Court indicates that it was raised there. There was no finding. Under these circumstances we are not required to consider the claims. Practice Book §§ 154, 409; Maltbie, Conn. App. Proc., § 44. That aside, the judgment can be supported on the theory that the plaintiff was affirming the partnership contract and seeking a recovery for the fraud itself. It does not appear from the report that the plaintiff received anything of benefit from the defendant or from the partnership which he should return except $789.75, for which the court made allowance in the judgment. This was proper. *Cain* v. *Norman,* 140 Wash. 31, 35, 37, 248 P. 71. The complaint and the answer both seek equitable relief: the one, dissolution of the partnership, an accounting, and the appointment of a receiver; the other, reformation of the partnership agreement. The settlement of partnership affairs comes properly within the equity jurisdiction of the court, and the relief which equity can afford is particularly appropriate and effective. *Barber* v. *International Co.,* 73 Conn. 587, 606, 48 A. 758; *Niles* v. *Williams,* 24 Conn. 279, 284; 4 Pomeroy, Equity Jurisprudence (5th Ed.) pp. 1078, 1079. "The governing motive of equity in the administration of its remedial system is to grant full relief, and to adjust in the one suit the rights and duties of all the parties, which really

grow out of or are connected with the subject-matter of that suit." 1 Pomeroy, op. cit., § 114; *Nichols* v. *Nichols,* 79 Conn. 644, 653, 66 A. 161.

The rule that equity, having taken jurisdiction for one purpose, will hear all issues is applied to cases in which the court, on a proper ground for the intervention of equity, has taken jurisdiction in respect to questions concerning partnership matters. 1 Pomeroy, op. cit., §§ 114, 239. The plaintiff, as he was entitled to do, sought equitable relief. *Brownback* v. *Nelson,* 122 Mont. 525, 529, 206 P.2d 1017. It was within the equity powers of the court to grant a decree ordering the contract rescinded for fraud and the partnership dissolved. *Oteri* v. *Scalzo,* 145 U. S. 578, 588, 12 S. Ct. 895, 36 L. Ed. 824; *Knapp* v. *First National Bank & Trust Co.,* 154 F.2d 395, 398; *Harlow* v. *La Brum,* 151 N.Y. 278, 281, 45 N.E. 859; 40 Am. Jur. 294. The court could, by ordering restitution and damages, restore the partner accorded the benefit of rescission to his former position, in so far as it was possible for it to do so. *Grossman* v. *Lewis,* 226 Mass. 163, 166, 115 N.E. 236; *Smith* v. *Everett,* 126 Mass. 304, 306; Crane, Partnership, § 85; 68 C. J. S. 422.

The right to recover money damages is not always the sole remedy for the breach of a contract. When one party has fully performed his part of the agreement, he may invoke, in an appropriate case, the exercise of the equity power of the court and seek rescission and restitution, if damages are wholly inadequate to do justice. *Caramini* v. *Tegulias,* 121 Conn. 548, 551, 186 A. 482; *Penfield* v. *Penfield,* 41 Conn. 474, 480; *Peck* v. *Hoyt,* 39 Conn. 9, 15.

There is no error.

In this opinion the other judges concurred.