[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO STRIKE [114]
This is an action to foreclose a $300,000 mortgage. Plaintiff, Linda Eldridge, claims to own mortgage and the underlying note. Complaint, 4. Defendant, Stephen Eldridge, plaintiff's former husband, denies plaintiff owns the note and mortgage. Answer, 4. Defendant's Stephen Eldridge, Revised Answer To Plaintiff's Complaint, Dated August 9, 1993, p. 1. [112]
Defendant has filed an extensive, 19 page, response to the complaint which includes three special defenses, and a four-count counterclaim. Attached to defendant's pleading is a judgment file of this court dated December 20, 1989 in an action for dissolution of the parties marriage. See Defendant's Stephen Eldridge, Revised Answer To Plaintiff's Complaint, Dated August 9, 1993. [112]
Plaintiff has moved to strike all three special defenses and all four counts of the counterclaim, Motion To Strike, dated October 26, 1993. [114]
The First Special Defense apparently asserts fraud in the CT Page 2697 inducement. See 28. Fraud can be a valid special defense to a foreclosure action. Peterson v. Weinstock, 106 Conn. 436, 442
(1927). "A claim of fraud consists of four essential elements: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." J. Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 358 (1983).
Despite the length (28 paragraphs) and detail of the fact allegations in the First Special Defense, there is no allegation that (1) a false representation was made by the plaintiff as a statement of fact; (2) that any statement was made by plaintiff knowing it was untrue when she made it; (3) that plaintiff made any statement to induce the defendant to execute the note and mortgage; or (4) that the defendant executed the note and mortgage relying on any allegedly untrue statement(s) made by the plaintiff. Therefore, the First Special Defense is not sufficient.
The First Special Defense is stricken.
The Second Special Defense is based on the same recital of fact allegations as the First. Defendant describes the Second Special Defense as "fraud in factum." The necessary elements are the same. Defendant alleges "[t]he Plaintiff made representations to the Defendant which led the Defendant to believe that the execution of the note and mortgage . . . would result in his tax obligations being paid." See 28. Defendant also says plaintiff never intended "to honor this obligation." See 29. But, defendant has not described or identified any statements or representations upon which his claim of fraud is based. Nor has he set forth facts which would create any obligation of the plaintiff to satisfy defendant's taxes. Fraud must be plead with fact specificity; conclusory allegations are not sufficient. "Where a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint. [Citations omitted]." Maruca v. Phillips, 139 Conn. 79, 81 (1952). The infirmities found with respect to the First Second Defense are present in the Second Special Defense. The allegations of the Second Special Defense are insufficient.
The Second Special Defense is stricken.
The Third Special Defense may be said to be based on the CT Page 2698 breach of an implied covenant of good faith and fair dealing. Defendant claims he was negotiating with certain parties for the sale of the mortgaged property. He implies he had reached an agreement with the prospective buyers. Defendant says the "Plaintiff anticipating that she would foreclose this property from the Defendant, entered into negotiations with the prospective buyers of the property to sell the property after foreclosure at a lesser sum than" he had negotiated. See 31. According to defendant, this action "constituted a breach of honesty, good faith and fair dealing." See 32.
The defendant obligation under the note and mortgage called for full payment by June 1990. He has been in default since then. This action was not started until August 1993. Defendant is vague, perhaps deliberately, as to when plaintiff allegedly entered into negotiations with the prospective buyers of the property to sell the property after foreclosure at a lesser sum than" he had negotiated. If that occurred after he was in default, i.e. June 1990, plaintiff would not be breaching any supposed implied covenant of good faith and fair dealing.
Plaintiff's attack on the Third Special Defense is predicated on plaintiff's characterizing its basis as one of "tortious interference with contract." Memorandum In Support Of Motion To Strike, October 26, 1993, pp. 5-6. [115] That characterization is incorrect. The court believes that the Third Special Defense claims a breach of an implied covenant of good faith and fair dealing. Such a defense is available in an action to foreclose a mortgage. A court should restrict its ruling on a motion to strike to those grounds stated in the motion to strike and/or its supporting memorandum. Normally, "grounds other than those specified should not be considered by the trial court in passing upon a motion to strike; Cyr v. Brookfield, 153 Conn. 261, 263216 A.2d 198 (1965)." Morris v. Hartford Courant Co., 200 Conn. 676,682 (1986).
The motion to strike the Third Special Defense is denied.
Plaintiff has moved to strike all four counts of the counterclaim. A defendant is allowed to file a counterclaim against a plaintiff "provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Practice Book, 116. CT Page 2699
Each count of the counterclaim reiterates the allegations of the First Special Defense.
The First Count of the Counterclaim states that plaintiff converted certain funds. The funds alluded to and their supposed conversion do not arise out of the mortgage transaction and or its breach. The First Count of the Counterclaim is ordered stricken.
In the Second Count defendant alleges that the plaintiff converted funds not rightfully hers alone and such conversion created a constructive trust. The defendant concludes that the plaintiff, as trustee of the constructive trust, breached the fiduciary duty which she owed the defendant. Again, the matters alleged in the Second Count do not arise out of the transaction(s) stated in the complaint. The Second Count of the Counterclaim is ordered stricken.
The Third Count of the Counterclaim alleges a breach of contract. Neither the contract or its breach arise out of the transaction(s) set forth in the complaint. The Third Count of the Counterclaim is ordered stricken.
The Fourth Count of the Counterclaim alleges a breach of an implied covenant of good faith and fair dealing. The implied covenant allegedly was a part of the mortgage agreement. Its breach allegedly contributed to defendant's default of the mortgage. These transactions as alleged are part of the transaction(s) alleged in the complaint. This count should not be stricken.
The court notes its serious misgivings about the bona fides of the defendant's pleadings. They appear to have delay as their purpose. And, for example, his answers to the first four paragraphs of the complaint are largely contradicted by the allegations of his special defenses and counterclaims.
The Motion To Strike is granted as to the First and Second Special Defenses and the First, Second and Third Counts of the Counterclaim. It is denied as to the Third Special Defense and the Fourth Count of the Counterclaim.
Parker, J. CT Page 2700