[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE DATED MAY 15. 1996
The defendant claims that the plaintiff's allegations in count one of his second amended complaint are barred by the statute of limitations and that no such cause of action exists in this state.
A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book § 164; Forbes v.Ballaro, 31 Conn. App. 235, 238. Although there are two limited situations where our courts will permit the use of a motion to strike to raise a statute of limitations defense, neither exception to the rule is present in this case See Forbes, supra,
at pp. 239, 240;
The second basis for the defendant's Motion to Strike the first count of the plaintiffs second amended complaint revolves around its claim that prior to 1993 there was no implied cause of action in Connecticut under the Connecticut Uniform Securities Act (CUSA).
Count one of the plaintiffs' second amended complaint is premised on violations of General Statutes § 36b-29 (a)(2) and (c). Prior to 1993, General Statutes § 36b-29 (a)(2), then known as General Statutes § 36-498, did not provide for liability for aiding and abetting violations of the Connecticut Uniform Securities Act (CUSA). In 1993, however, the legislature, by way CT Page 8901 of Public Act 93-169, amended Section 36b-29 (a)(2) to create liability for persons who materially assist in a violation of the securities laws.
Our Supreme Court recently decided that Public Act 93-169, § 1, was meant to clarify § 36-498. "[W]e conclude that § 36-498 (a)(2) encompassed aiding and abetting liability within its parameters at the time of the underlying actions . . ." Connecticut National Bank v. Giacomi, 242 Conn. 17
(1997).
Accordingly, the Motion to Strike the first count is denied. The defendant moves to strike the second count of the complaint on the ground that an attorney cannot be held liable to a person who is not his client for the negligent rendering of services. Because the existence of a legal duty and a breach of that duty are essential elements of a cause of action for negligence, the defendant argues, the plaintiffs cannot bring such an action in this case because they have not alleged that there was an attorney-client relationship between them and the defendant.
The court in Zamstein v. Marvasti, 240 Conn. 549, concluded that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position could have foreseen the injury which resulted, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. Id., 558.
Thus, the existence of a legal duty is not determined only by the existence of a contractual relationship between the parties, but it may also arise in situations where there is no such relationship. "Broadly considered, it might be said that the duty to exercise reasonable care arises whenever the activities of two persons come so in conjunction that the failure to exercise that care by one is liable to cause injury to the other . . . . In the final analysis this is the real basis upon which the law imposes upon a physician, a bailee, an attorney, and other persons standing in such relationship, an obligation to exercise a certain degree of care or skill." (Citations omitted; internal quotation marks omitted.) Dean v. Hershowitz,119 Conn. 398, 408. CT Page 8902
In the present case, the defendant was placed in such a position with regard to the plaintiff that a reasonable person would have recognized that the failure of the defendant to use ordinary care and skill in preparing the documents used for the offering would have resulted in a loss for the plaintiffs. The first prong of the test set out by the court in Zamstein is therefore met. The defendant owed a duty to the plaintiff and should have used ordinary care to avoid the harm which resulted.
In addressing the second prong of the Zamstein test, the courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party.Krawczyk v. Stingle, 208 Conn. 239, 245. In this case it is undisputed that the investors were the intended beneficiaries of the defendant's services to the partnership.
Even when the courts have found that the plaintiff was the intended beneficiary of the transaction, however, they have "refrained from imposing liability when such liability had the potential of interference with the ethical obligations owed by an attorney to his or her client." Id., 246. "A central dimension of the attorney-client relationship is the attorney's duty of entire devotion to the interest of the client." Id. Accordingly, a court must avoid "any rule that would interfere with the attorney's primary duty of robust representation of the interest of his or her client." Jackson v. R. G. Whipple. Inc., 225 Conn. 705, 728.
In the opinion of the court, the policy considerations discussed above would not be undermined by imposing liability under the factual circumstances of this case. The position of an attorney in circumstances such as those of the present case is analogous to the position of an attorney performing a title search on behalf of a lender and a borrower. See Westport Bank Trust Co. v. Corcoran Mallin Aresco, 221 Conn. 490, 497.
For the foregoing reasons, the motion to strike the second count is denied.
The defendant moves to strike the third count of the complaint which alleges fraud because none of the alleged misrepresentations or omissions are alleged to have been made by Mellick and Sexton.
"The mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in CT Page 8903 the complaint." Maruca v. Phillips, 139 Conn. 79, 81. The plaintiffs in the present case have failed to allege the elements of an action in fraud. See Miller v. Appleby, 183 Conn. 51.
The motion to strike the third count is granted.
The defendant moves to strike count four of the second amended complaint on the ground that the plaintiffs have failed to allege that the defendant was a party to the escrow agreement between the partnership and Farmers and Mechanics Savings Bank, the escrow agent. Under the present allegations, the trial court, presented with the proper evidence, could find that there was a fiduciary relationship between the plaintiffs and the defendant and that the duty owed by the latter to the former had been breached by the improper direction to the bank to release the funds; or, alternatively, it could reach the opposite conclusion. It is properly a question for the finder of fact.
Accordingly, the motion to strike the fourth count of the complaint is denied.
Barry, J.