[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The defendant, pursuant to Practice Book § 10-39 et seq., has moved to strike Count One and Count Two of the plaintiffs Revised Complaint dated July 10, 2002. Count Two alleges fraud and the Count Three alleges a violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a et seq.
The plaintiff has commenced this action against the defendant in connection with an automobile lease entered into by the parties. The plaintiff alleges that the lease period for the subject automobile was for a three year period, but that as a result of mistake, fraud and the unfair and deceptive acts of the defendant, a lease for a period of five years was signed by the parties on January 28, 2000. The plaintiff, thereafter, commenced this lawsuit on January 28, 2002, two years after the signing of the automobile lease agreement. The defendant argues that the Count Two fails to allege fraud with sufficient particularity and that Count Three does not properly plead a violation under CUTPA.
 I
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id.. "In ruling on a motion to strike, the court is limited to CT Page 153 the facts alleged in the complaint." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185. (1988).. A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co.v. Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra. 196 Conn. 108-09. However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallov. Derby Savings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
 II
The plaintiff alleges in Count Two that he requested a three year lease period for a 2000 Acura automobile. He further alleges that without his knowledge and consent the defendant "drew up" and had the plaintiff sign a five year lease. The plaintiff claims that he never agreed to a five year lease period and that he signed the subject lease for a five year period by mistake. He claims the defendant knew or should have known of this mistake and that the defendant fraudulently induced him to sign the five year lease.
The elements of common law fraud are that there has been a false representation made as a statement of fact; it was untrue and known to be untrue by the party making the statement; the statement was made to induce the other party to act on it; and the other party did so act upon the false representation to his or her injury. Weisman v. Kaspar,233 Conn. 531, 533, 661 A.2d 530 (1995). "Where a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Maruca v. Phillips, 139 Conn. 79, 81, 90 A.2d 159 (1952).
The plaintiff concludes that the defendant, through its agents and employees fraudulently induced the plaintiff into signing the lease, but the plaintiff does not recite any factual basis to support this conclusion, or to support the necessary elements of common law fraud. The motion to strike Count Two of the Revised Complaint is therefore CT Page 154 granted.
 III
Count three of the Revised Complaint repeats the allegations of Count Two and adds additional allegations that "the false and misleading contract was unfair and deceptive," and thus, was a violation of CUTPA. When a practice is alleged to be an unfair practice the court will employ the so called "cigarette rule." Hartford Electric Supply Co. v. AllenBradley Co., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
The court must determine (1) [W]hether the alleged practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businesspersons. All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Id. at 368, citing Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43, 717 A.2d 77
(1998). In addition, there is a three part test for satisfying the substantial injury criterion: "[1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided." Web pressServices Corp. v. New London Motors, Inc., 205 Conn. 479, 484,533 A.2d 1211 (1987).
Count three does not allege that the defendant engaged in a practice which is unlawful or offends public policy. Nor does the plaintiff allege that the defendant engaged in a practice that was immoral, unethical, oppressive or unscrupulous. The plaintiff has also not alleged that he was caused substantial injury or loss. Criscuolo v. Shaheen, 46 Conn. Sup. 53,63 (1999), citing Hinchliffe v. American Motors, Corp., 184 Conn. 607,613-14, 440 A.2d 810 (1981).
Lastly, the plaintiff claims that he signed the five year lease agreement by mistake. He cannot now claim the lease was false and misleading. If the plaintiff has, in fact, sustained an injury, which must be substantial, it must be an injury that the consumer himself, could not have reasonably avoided. Web Press Services, Corp. v. NewLondon Motors, supra, 205 Conn. 484. The plaintiff had the opportunity to CT Page 155 review the lease agreement, prior to signing it, to assure himself that the term of the lease was to his approval. There are no allegations that he was prevented from reviewing the lease terms; that the lease terms were ambiguous; or that they were changed after he signed the lease agreement. Count three is hereby ordered stricken.
In summary, the motion to strike Counts Two and Three of the Revised Complaint is hereby granted.
The court
By: ___________________
Arnold, J CT Page 156