[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Computer Clearing House, Inc., alleges that the defendant, Stamford Computer Group, Inc., misrepresented the number of memory boards contained in computer equipment the plaintiff contracted to purchase from the defendant. The plaintiff alleges that as a result of the defendant's misrepresentation, the plaintiff overpaid the defendant for the equipment that it purchased, and that the defendant refused to refund the plaintiff's overpayment.
Specifically, the plaintiff alleges that the defendant breached its contract (count one), that the defendant committed fraud (count two), that the defendant "immorally, unethically, and unscrupulously" misrepresented the equipment to the plaintiff in violation of CUTPA (count three), and that the defendant was unjustly enriched at the plaintiff's expense (count four).
The defendant filed a motion to strike counts two, three and four on the grounds that those counts failed to allege facts sufficient to support fraud, CUTPA, and unjust enrichment claims. As required by Practice Book § 155, now Practice Book (1998 Rev.) § 10-42, the defendant has filed a memorandum in support of its motion to strike. The plaintiff has not filed a memorandum in opposition. The Practice Book no longer requires courts to assume the consent of the nonmoving party from that party's failure to supply a memorandum of opposition. See Practice Book § 155, now Practice Book (1998 Rev.) § 10-42. See also United Illuminating v. Winthrop Health Care, Superior Court, judicial district of New Haven at New Haven, Docket No. 354679 (February 20, 1998, Hartmere, J.) (noting that the plaintiff's failure to file an opposition memorandum may serve as a ground for granting the motion, but that the trial court in its discretion may waive the plaintiff's failure to file). CT Page 11189
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.)Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . . ." Practice Book § 108, now Practice Book (1998 Rev.) § 10-1. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery. . . ." (Citations omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 83,700 A.2d 655 (1997). "What is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Knight v. F.L. Roberts Co., Inc.,241 Conn. 466, 470-71, 696 A.2d 1249 (1997).
 A. Fraud (Count Two)
The defendant argues that the plaintiff has not alleged sufficient facts to support a claim of fraud. "The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v.Kaspar, 233 Conn. 531, 539, 661 A.2d 530 (1995). "Where a claim for damages is based upon fraud, the mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Maruca v. Phillips,139 Conn. 79, 81, 90 A.2d 159 (1952). See also Chestnut v. Kent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346653 (April 17, 1998, Skolnick, J.) (quoting the above cited language from Maruca v. Phillips).
The defendant argues that the plaintiff's pleadings are general and conclusory, and that the plaintiff's complaint fails to allege specific acts or words of misrepresentation by the defendant, and that it fails to allege that the defendant sought to induce the plaintiff's reliance by misrepresenting the computer equipment. Further, the defendant argues, the complaint CT Page 11190 alleges no facts demonstrating that the defendant had any knowledge of a discrepancy between the equipment ordered and the equipment delivered.
The plaintiff's complaint alleges facts sufficient to support a claim of fraud. The plaintiff alleges that the defendant misrepresented the equipment in the contract as containing four memory boards, that the defendant knew that the equipment contained only two memory boards, and that the plaintiff relied on the defendant's misrepresentation. The only remaining element of fraud — that the statement was made to induce reliance, is implied from the complaint. The allegation that "the price negotiated by the parties reflected equipment with memory that was double the memory delivered" implies the defendant's intent to induce reliance. Therefore, the motion to strike count two is denied.
 B. CUTPA (Count Three)
The defendant moves that count three be stricken because the plaintiff failed to allege the factual prerequisites for a CUTPA claim. In determining whether certain acts constitute a violation of CUTPA, the Supreme Court of Connecticut has adopted the federal trade commission's criteria: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Alterations in original; internal quotation marks omitted.) Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 591, 657 A.2d 951 (1995).
If a "plaintiff's complaint is devoid of any allegation that the acts complained of were performed in a `trade or business' . . . Having failed to frame a cause of action under CUTPA, the plaintiff cannot prevail on this claim." Pergament v.Green, 32 Conn. App. 644, 655-56, 630 A.2d 615 (1993), cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. TextileMills, Inc. v. Brown, Jacobson, Tillinghast, Lahan, King, P.C.,32 Conn. App. 786, 797, 631 A.2d 340 (1993), cert. denied, CT Page 11191228 Conn. 903, 634 A.2d 296 (1993). If a claim "does not set forth how or in what respect the defendants' alleged activities are either immoral, unethical, unscrupulous or offensive to public policy, . . . the motion to strike is granted, because a CUTPA claim requires those allegations." Aussenhandel v. Grant AirmassCorp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 103541 (October 17, 1990, Lewis, J.) (2 Conn. L. Rptr. 590).
Count three, which outlines the plaintiff's CUTPA claim, incorporates by reference the allegations under counts one and two, the breach of contract and fraud claims. Beyond those allegations, the plaintiff alleges that the defendant knew the equipment contained only two memory boards and immorally, unethically, and unscrupulously misrepresented that the equipment contained four boards and that the defendant negotiated an inflated price for its equipment as a result of the misrepresentation.
"A simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act." Emlee Equipment Leasing Corp. v.Waterbury Transmission, Inc., 41 Conn. Sup. 575, 580,595 A.2d 951 (1991), rev'd on other grounds, 31 Conn. App. 455,626 A.2d 307 (1993). "A misrepresentation can constitute an aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; it would in effect be a deceptive act." Designs on Stone, Inc. v. John BrennanConstruction Co., Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 59997 (April 9, 1998) (21 Conn. L. Rptr. 659).
The plaintiff has pleaded its CUTPA claim with the required specificity. A CUTPA claim requires more than a simple breach of contract. See Emlee Equipment Leasing Corp. v. WaterburyTransmission, Inc., supra, 41 Conn. Sup. 580. Here, the plaintiff has alleged facts to show the existence of the "aggravating circumstances" of misrepresentation or deception. See Designs onStone, Inc. v. John Brennan Construction Co., Inc., supra,21 Conn. L. Rptr. 659. Furthermore, the plaintiff has implicitly alleged that this transaction took place as part of a trade or business having described both the plaintiff and the defendant as corporate entities, both computer companies, contracting for the purchase and sale of computer equipment. Through necessary CT Page 11192 inference the plaintiff has satisfied the requirements of a CUTPA claim, and the motion to strike count three is denied.
 C. Unjust Enrichment (Count Four)
The defendant argues that the plaintiff has failed to allege sufficient facts to support a claim of unjust enrichment. "Unjust enrichment is a very broad and flexible equitable doctrine . . . which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. . . . Its three basic requirements are (1) that the [defendant was] benefited, (2) that the [defendant] unjustly did not pay the plaintiff for the benefits, and (3) that the failure of payment was to the [plaintiffs] detriment." (Alterations in original; citations omitted; internal quotation marks omitted.) Zanoni v. Hudon,48 Conn. App. 32, 39, 708 A.2d 222, (1998), cert. denied,244 Conn. 928 (1998).
In its unjust enrichment claim, the plaintiff realleges its breach of contract claim by incorporating by reference the allegations from count one of its complaint. Beyond those allegations, count four alleges that the conduct of the defendant unjustly enriched it at the expense of the plaintiff.
Although the plaintiff does not parse out its allegations with reference to the three elements listed above, the required allegations are expressly or implicitly present in the pleadings. The plaintiff alleged that it overpaid the defendant and that the defendant refused to repay the plaintiff, thus satisfying all three requirements (that the defendant benefitted [benefited], that the defendant did not pay for the benefit, and that the plaintiff suffered a detriment). Therefore, the court denies the motion to strike count four.
D'ANDREA, J.