[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#135)
On October 15, 1996, the defendant, Asset Control Services, Inc., agreed to sell to the plaintiff, GEO Graphics-Spegram, Inc., an offset press along with its component parts and other additional equipment. The plaintiff alleges that the defendant represented to the plaintiff that it would deliver the press and additional equipment free of any liens and encumbrances. The defendant, however, was unable to deliver certain equipment to the plaintiff because a third party claimed an interest in the property.
The plaintiff filed an eight count revised complaint alleging various statutory and tort violations arising from said incident. The seventh count of the revised complaint alleged a violation of General Statutes § 42-110a, et seq, CUTPA. The defendant moved to strike the seventh count of the plaintiff's revised complaint dated September 14, 1998, by way of a motion dated September 23, 1998.
The court, Mihalakos, J., granted the motion to strike on CT Page 6114 December 2, 1998, holding that the plaintiff had not sufficiently plead facts to support a CUTPA claim. The plaintiff subsequently filed a Substitute Complaint on December 7, 1998, repleading the seventh count of his complaint.
On January 21, 1999, the defendant filed a motion to strike the seventh count of the substitute complaint along with a supporting memorandum of law. On February 4, 1999, the plaintiff filed a motion in opposition and a memorandum of law in support.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [a] complaint . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998). In ruling on a motion to strike, "[t]he court is limited to the facts alleged in the complaint." Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357
(1996).
 I.
The defendant once again moves that Count Seven be stricken on the grounds that the plaintiff failed to allege the factual prerequisites for a CUTPA claim.
In determining whether certain acts constitute a violation of CUTPA, the Supreme Court of Connecticut has adopted the federal trade commission's criteria: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it caused substantial injury to consumers [(competitors or other businessmen)]." (Alterations in original; internal quotation marks omitted.)Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591,657 A.2d 951 (1995) "A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances CT Page 6115 attending the breach to recover under the Act." Emlee EquipmentLeasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580, 595 A.2d 951 (1991), rev'd on other grounds,31 Conn. App. 455, 626 A.2d 307 (1993). "A misrepresentation can constitute an aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; it would in effect be a deceptive act." Designs on Stone,Inc. v. John Brennan Construction Co., Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059997 (April 9, 1998, Corradino, J.) (21 Conn. L. Rptr. 659).
Here, the plaintiff relies on certain representations made by the defendant at the time of contract formation as the basis for its CUTPA claim. The plaintiff sets forth the following facts in its complaint: "at the time the plaintiff and defendant entered into the contract, the defendant represented to the plaintiff that the defendant would deliver the press and additional equipment to the plaintiff, free of liens and encumbrances." (Emphasis added.) (Substitute Complaint, Count Seven, ¶ 4). The plaintiff contends that the defendant' failure to deliver some of this equipment because of a third party's interest in said equipment constitutes a CUTPA violation.
In the present case, the allegations of fact, viewed in the light most favorable to the plaintiff, constitutes nothing more than a breach of contract claim.
The plaintiff has failed to establish aggravating circumstances attendant to the breach to render it subject to CUTPA.
The plaintiff does not allege that at the time of contract formation, the defendant expressly represented that it had title to the equipment and that the equipment was free of liens and encumbrances, nor does the plaintiff allege that the defendant knew or should have known that it would not be able to acquire title to the equipment, or that it did not intend to acquire title to the property in order to effectuate the sale with the plaintiff. In sum, there is no allegation that the defendant knew or should have known that it could not deliver the equipment when it made its representation to that effect.
Here, the defendant represented it would (at some future date) deliver equipment free of encumbrances — that is, comply with a contractual obligation. No case has held that "a CT Page 6116 statement predicative of future conduct-here performance under a contract-somehow becomes a `misrepresentation' for CUTPA purposes simply when the party making the representation cannot deliver on the promise." Designs on Stone, Inc. v. Brennan Construction Co.,Inc., supra, 21 Conn. L. Rptr. 659.
Accordingly, the defendant's motion to strike is granted.
Mihalakos, J.