[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Before the court is a motion to strike a claim made under the Connecticut Unfair Trade Practices Act, §§ 42a-110a, et seq. (CUTPA). The first count sets forth a breach of contract claim. The parties had an option to lease agreement for the rental of certain property. The agreement at one point was amended so that Monro could effect various governmental approvals necessary to construct a building on the land. The first count alleges it breached its agreement by failing to reasonably pursue the required governmental approvals and permits. This count also alleges Monro made representations regarding its intention to rent the premises.
The second count incorporates these allegations and makes a CUTPA claim. It states that in reliance on the defendant's representations it incurred various expenses in readying the land for occupancy by the defendant.
The defendant Monroe Muffler argues that what was involved here was an option to lease contract and the plaintiff incurred expenses at its own risk.
The issues raised by this motion have not been addressed by our appellate courts so the court will rely on its decision in Designs onStone v. Brennan Constr. Co., 21 CLR 659 (1998). The burdens and risks inherent in contract formation would be intolerably increased if every simple breach of contract claim were to be made the basis of a CUTPA violation. But it is also true that "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation," Lester v. Resort Campgrounds International, Inc.,27 Conn. App. 59, 71 (1992). In other words, a breach of contract claim can make out a legally sufficient CUTPA claim as long as there are "substantial aggravating circumstances," cf. Emlee Equip. Leasing Corp.v. Waterbury Transmission, Inc., 41 Conn. Sup. 575 (1991)21 CLR 659 (1991). CT Page 11946
There are two separate grounds that may be asserted as the basis of a CUTPA violation: (1) were the actions of the defendant unfair in the sense that those actions were sufficiently aggravating to make the case more than a claim of simple contract violation; or (2) were the actions of the defendant "deceptive" under the Unfair Trade Practices Act.
The court will analyze the legal sufficiency of the CUTPA count (Count Two) on the basis of the allegation made therein that the defendant's actions were "deceptive" under the act. The court, in a motion to strike, must give every favorable factual inference to a complaint which is subject to such a motion, Amodio v. Cunningham, 182 Conn. 80, 82
(1980).
A "misrepresentation:" can be an aggravating circumstance that would turn a simple breach of contract claim into a CUTPA violation because it is "deceptive." In Designs on Stone, the court noted under CUTPA, misrepresentation has a broader meaning than that given to the term at common law. A plaintiff need not prove reliance on the misrepresentation or that the misrepresentation became part of the basis of the bargain. Also, knowledge of falsity, either constructive or actual, need not be shown. (See cases referred to in Designs on Stone). In granting the motion to strike, the court noted, however, that it could find "no case that holds that a statement predictive of future conduct — here, performance under a contract somehow becomes a "misrepresentation' for CUTPA purposes simply when the party making the representation cannot deliver on the promise." Otherwise, of course, "every simple breach of contract claim would become a CUTPA violation where the word "misrepresentation" was attached to it.
But the court did note that all of this is "not to say that to be a misrepresentation the mispresentation must relate to an existing or past fact. Even at common law, there were exceptions to such a requirement as where the representation as to a future fact was coupled with a present intent not to fulfill the promise. . . ."
The defendant argues that the allegation is simply that certain representations were made surrounding this option to lease agreement, and in reliance on them, the plaintiff incurred costs in preparation for the possibility of a lease, and the defendant did not comply with its representation. Framed in these terms, a simple breach of contract is involved and not that type of deception necessary for a CUTPA claim. Also the defendant argues that a misrepresentation" must have induced the contract to constitute a deceptive act for CUTPA purposes. CT Page 11947
The basis of the CUTPA claim is set forth in paragraph 29 of the second count.
In that count, it says:
 "29. Monroe's deceptive and unfair actions as aforesaid, including the representations that it intended to proceed with the lease of the premises despite its practices to the contrary, constitute intentional violations of the Connecticut Unfair Trade Practices Act (C.G.S. § 42-110, et seq.), in that their representations were false and misleading and were made to induce plaintiff to enter into a lease which defendant did not intend to honor, to the exclusion of its competitors and/or other vendors." (Emphasis added.)
Giving these allegations their most favorable reading, the plaintiff is claiming misrepresentations were made to it which the defendant at the time they were made had no intention of honoring. Furthermore, it is alleged that the misrepresentations were made for the purpose of excluding the defendant's competitors from trying to rent the site or having the necessary or unintended result of making it impossible for the plaintiff to rent the land to other businesses. The claim can be said to be supported by inferences from the factual allegations set forth in paragraphs 16 through 19 of the first breach of contract count which are incorporated in the second CUTPA count.
If the allegations of the complaint were to be established, the type of activity engaged in would have an obvious anti-competitive effect. Also, such actions would be unfair since although every unfair act is not necessarily deceptive, a deceptive act would appear to be necessarily unfair.
These allegations may have a difficult time surviving a summary judgment motion, but the court cannot grant a motion to strike the CUTPA count.
 _________________ Corradino, J.
CT Page 11948